UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ABDEL-KAREEM KAWAS, | : | |
| Petitioner, | : | Civil No. 08-1458 (WJM) |
| v. | : | |
| MICHAEL MUKASEY, et al., | : | **O R D E R** |
| Respondents. | : | |

This matter has come before the Court on Petitioner's submission construed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  It appears that:

1.  On March 20, 2008, Petitioner filed a "Motion for Notice of Entry of Equitable Estoppels/and or Constitutional Estoppels Claim."  (Docket entry 1).  On March 26, 2008, Petitioner refiled the same "motion".  (Docket entry 2).  On March 31, 2008, Petitioner filed an application to proceed in forma pauperis.  (Docket entry 3).  On April 11, 2008, Respondents filed a letter in opposition to the petition/motion, without making a formal appearance.  (Docket entry 4).  In his petition/motion, Petitioner challenges his final order of

deportation, alleging that his due process rights were violated in the course of his immigration case.[1]

2.   On May 11, 2005, the President signed into law the REAL ID Act of 2005.  Codified at Title 8 of the United States Code, section 1252, the Act provides that District Courts lack jurisdiction to review any removal order for an alien, except removal orders issued pursuant to 8 U.S.C. § 1225(b)(1).  See 8 U.S.C. § 1252(a)(5)("Notwithstanding any other provision of law . . . including section 2241 of Title 28, or any other habeas corpus provision . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except [order under section 1225(b)(1)].")

3.  This § 2241 petition challenges a final administrative order of removal.  Therefore, this Court lacks jurisdiction over the petition pursuant to 8 U.S.C. § 1252.

5.   However, whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such

---

[1] The Court notes that Petitioner also raises claims concerning his detention in this petition/motion. However, Petitioner filed a second action, on April 9, 2008, addressing his detention claims, which remains pending. See Kawas v. Mukasey, et al., 08-1765 (PGS). Petitioner's detention claims will be addressed in that case.

court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  Respondents argue that it is not in the interest of justice to transfer this petition because the "I[mmigration] J[udge]'s and B[oard of] I[mmigration] A[ppeal]'s analysis of this matter is correct as is demonstrated in the lengthy IJ opinion which was upheld by the BIA."  (Respondents' Letter, p. 4).  This Court, having determined that it lacks jurisdiction, will not delve into the merits of the "lengthy" IJ opinion and BIA's affirmance.  That review should be completed by the proper Court of Appeals, in this case, the Third Circuit, pursuant to the REAL ID Act.  Furthermore, it is in the "interest of justice" to transfer this case because if Petitioner's case, mistakenly filed in the wrong forum, is dismissed, rather than transferred, Petitioner's filing of a petition for review in the proper Court of Appeals would be untimely, pursuant to 8 U.S.C. § 1252(b)(1).

    THUS,

    IT IS on this 24th day of April, 2008;

    **ORDERED** that Petitioner's application to proceed in forma pauperis (docket entry 3) is hereby GRANTED; and it is further

    **ORDERED** that the instant case is hereby TRANSFERRED to the United States Court of Appeals for the Third Circuit pursuant to the REAL ID Act of 2005; and it is further

**ORDERED** that the Clerk shall effectuate the transfer on an expedited basis; and it is further

**ORDERED** that after transfer, the Clerk of the Court shall administratively terminate this case.

                                        s/William J. Martini
                                        _____
                                        WILLIAM J. MARTINI
                                        United States District Judge